**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

YVETTE EASTWOOD,
          Petitioner,

v.
                                                      Civil Action No. 3:16-cv-00536-JAG

UNITED STATES OF AMERICA,
          Respondent.

## OPINION

In 2009, this Court sentenced Yvette Eastwood, a citizen of Jamaica, to ninety months of imprisonment and three years of supervised release on her conviction for drug trafficking. At her sentencing hearing, the presiding judge told Eastwood that upon completion of her term of imprisonment, she must surrender to immigration officials for deportation if the officials decide deportation is appropriate at the time of her release. Near the end of her term of imprisonment, immigration officials filed a detainer on Eastwood and notified her of their intent to initiate removal proceedings based on her conviction. According to Eastwood, this notice was when she first learned about the immigration consequences of her conviction.

Upon completion of her term of imprisonment, the Bureau of Prisons transferred Eastwood to the custody of Immigration and Customs Enforcement ("ICE"). In June 2016, Eastwood filed a petition for writ of error *coram nobis* asking the Court to vacate her conviction and sentence based on ineffective assistance of counsel. While Eastwood titles her petition as a writ of error *coram nobis*, it really asks for relief under 28 U.S.C. § 2255. Because Eastwood previously filed a motion under 28 U.S.C. § 2255, this filing qualifies as a second or successive motion over which the Court lacks jurisdiction. Even if the Court considers the filing under the

standard for a writ of error *coram nobis*, however, Eastwood lacks a valid reason for not attacking her conviction on these grounds earlier.

## I. BACKGROUND

Eastwood, a citizen of Jamaica, entered the United States in the mid-1990s. She was removed in 2000, and then formally entered the United States in May 2003 as a permanent resident.

In November 2009, Eastwood pleaded guilty to a drug trafficking crime. Prior to pleading guilty, and throughout the representation, Eastwood's attorney never discussed any potential immigration consequences of her guilty plea. Further, during the plea colloquy, the presiding magistrate judge did not mention deportation as a possible consequence of pleading guilty.

After Eastwood pleaded guilty, the probation office prepared a presentence investigation report ("PSR"), which Eastwood and her counsel reviewed. The PSR noted that Eastwood became a permanent resident who could live and work in the United States in May 2003. The PSR continued, however, "if [Eastwood] is convicted of a felony offense, she may be amenable to removal proceedings for violations of the Immigration Act."[1] (PSR ¶ 24.)

In January 2010, the Court sentenced Eastwood to ninety months of imprisonment with three years of supervised release to follow. At the sentencing hearing, as part of her sentence, the presiding judge said:

> [U]pon completion of your sentence you will surrender yourself to a duly authorized immigration official of the Department of Homeland Security for deportation if it's appropriate under U.S. law at that time. The decision will be made upon your release. But you will be required to surrender yourself and submit to that

---

[1] At the plea hearing, the presiding magistrate judge ensured that Eastwood understood "that this involves a felony charge." (Plea Hr'g Tr. 8:17-19.)

> process. And if ordered to—if you're removed from the United
> States, you shall not return to the United States during the period
> of time you're on supervised release without the authority of the
> Attorney General of the United States, or the Secretary for the
> Department Homeland Security.

(Sentencing Hr'g Tr. 26:5-18.) The judgment issued following the sentencing hearing confirmed

this ruling, mandating as a special condition to supervision:

> Upon completion of her term of imprisonment, the defendant is to
> be surrendered to a duly-authorized immigration official of the
> Department of Homeland Security Bureau of Immigration and
> Customs Enforcement for deportation in accordance with the
> established procedures provided by the Immigration and
> Naturalization Act, 8 U.S.C. Section 1101 et seq. As a further
> condition of supervised release, if ordered deported, the defendant
> shall remain outside the United States.

(J. Jan. 28, 2010, at 4.) Eastwood did not directly appeal her conviction.

In 2011, Eastwood filed a motion to vacate her conviction under 28 U.S.C. § 2255 based

on ineffective assistance of counsel. This motion did not mention immigration consequences or

deportation. The Court denied the motion.

On January 29, 2016, ICE notified Eastwood that it was initiating removal proceedings to

deport her to Jamaica based on her conviction for an aggravated felony. According to Eastwood,

this was when she first learned of the immigration consequences of her conviction. Upon

completion of her imprisonment, the Bureau of Prisons transferred Eastwood to the custody of

ICE. On November 30, 2016, ICE deported Eastwood to Jamaica.

## II. DISCUSSION

In her filing, Eastwood asks the Court to vacate her drug trafficking conviction and

sentence based on ineffective assistance of counsel. The typical means for convicted defendants

in custody to collaterally attack a federal sentence is through 28 U.S.C. § 2255. Custody extends

from actual imprisonment through any term of supervised release. *See Kusay v. United States*,

62 F.3d 192, 193 (7th Cir. 1995). Section 2255 allows for one motion collaterally attacking a sentence, and then requires the movant to obtain authorization from the court of appeals before filing a second or successive motion. *Id.* § 2255(h); *see* 28 U.S.C. § 2244. A convicted defendant cannot avoid this requirement by labeling her filing as something else.[2] Instead, the substance of the filing controls. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

In this case, although Eastwood labels her filing as a petition for writ of error *coram nobis*, the filing clearly falls within the realm of § 2255. Eastwood is in custody, attacks the constitutionality of her conviction, and asks the Court to vacate her sentence. Accordingly, the Court must construe her filing as a motion under § 2255. Because Eastwood previously filed a motion under § 2255, this filing is an unauthorized successive motion that the Court must dismiss for lack of jurisdiction. *See* 28 U.S.C. § 2255(h).

Eastwood makes two arguments in opposition to this holding, neither of which saves her filing. First, Eastwood argues that she is not "in custody" because she completed her term of imprisonment for her conviction, but has not yet begun her term of supervised release. This argument ignores the plain language of 18 U.S.C. § 3624(e), which directs that "[t]he term of supervised release commences on the day the person is released from imprisonment." The only event that stops the term of supervised release from running is time spent imprisoned after conviction of another crime. *Id.* This means that time spent in ICE custody or time spent in

---

[2] *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the [successive motion] rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." (emphasis in original).

another country following deportation does not stop the clock on a term of supervised release.[3] Indeed, a special condition of Eastwood's *supervised release* requires her to surrender to immigration officials *and*, if deported, remain outside of the United States. (J. Jan. 28, 2010, at 4); *see* 18 U.S.C. § 3583(d). Second, Eastwood argues that § 2255 does not provide an avenue for relief because the time limitations for motions pursuant to § 2255 would bar her motion. Her inability to actually obtain relief under § 2255, however, does not mean that § 2255 is the incorrect avenue to seek relief for persons in custody. *Cf. United States v. Howze*, 521 F. App'x 164, 165 (4th Cir. 2013).[4] Accordingly, neither of Eastwood's arguments persuades the Court from its holding that her filing qualifies as an unauthorized successive petition under § 2255.

Even if the Court considered Eastwood's filing as a petition for writ of error *coram nobis*, however, the Court would deny the petition. A writ of error *coram nobis* is a remedy of last resort. To succeed, a petitioner must show that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction; and (4) the error is of the most fundamental character. *United States v.*

---

[3] *See United States v. Gonzales*, 418 F. App'x 191, 193 (4th Cir. 2011); *Abimobola v. United States*, 369 F. Supp. 2d 249, 253 (E.D.N.Y. 2005). *But see United States v. Zepeda-Dominguez*, 545 F. Supp. 2d 547, 549 (E.D. Va. 2008). Nevertheless, because the Fourth Circuit has not reached this issue in a published decision, and because reasonable jurists could debate, the Court will grant a certificate of appealability on the issue of whether Eastwood is "in custody" as required by § 2255. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1).

[4] "A petitioner may not resort to a writ of error coram nobis simply because he cannot meet the standards for filing a second or successive § 2255 motion." *Howze*, 521 F. App'x at 165 (citing *United States v. Rhines*, 640 F.3d 69, 71–72 (3d Cir.2011)) (alterations omitted). Similarly, a petitioner cannot resort to a writ of error *coram nobis* simply because he cannot meet the time limitations for filing a § 2255 motion. Indeed, for claims based on certain meritorious triggers, the time limitation would restart. *See* 28 U.S.C. § 2255(f). For example, if the Supreme Court had made its holding in *Padilla v. Kentucky*, 559 U.S. 356 (2010), retroactive, Eastwood could have challenged her conviction within one year of that decision. Unfortunately for Eastwood, *Padilla* does not have retroactive effect. *Chaidez v. United States*, __ U.S. __, 133 S. Ct. 1103, 1105 (2013).

*Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012). In this case, Eastwood does not provide a valid reason for not attacking her conviction earlier on the ground that her counsel was ineffective because he did not warn her of the potential immigration consequences of her guilty plea. She claims that she could not bring this attack earlier because she "was unaware of the near-mandatory effect of her plea until deportation proceedings were initiated against her." (Petition 14.) This completely ignores the fact that the presiding judge at sentencing required Eastwood to surrender to immigration officials after she completed her term of imprisonment. Thus, no valid reason exists why Eastwood did not challenge her conviction earlier, rendering relief through writ of error *coram nobis* unavailable.

## III. CONCLUSION

In summary, as properly construed, Eastwood has filed an unauthorized successive motion under § 2255, leaving this Court without jurisdiction to consider the merits. Even if the Court considered the petition for writ of error *coram nobis*, however, Eastwood does not provide a valid reason for not attacking her conviction earlier.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: __2/3/17__
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

6